Case 72—INDICTMENT—September 23, 1882.

# Johnson v. The Commonwealth.

APPEAL FROM BELL CIRCUIT COURT.

1. The practice of permitting the clerk, after the adjournment of a circuit court, to write out from the minutes of the last day the apparent orders of court, and to allow him from these minutes to insert what he chooses, constitutes him *pro tanto* a judicial officer in vacation, and will not be tolerated.

2. The verdict and judgment entered upon the minutes alone of the last day of court were illegally entered and illegally executed.

3. Their subsequent entry on the order-book by the clerk did not give them any validity before they were signed by the judge.

L. FARMER FOR APPELLANT.

1. The court failed to render any judgment in this case. The minutes of the clerk fail to show any definite orders of the court. Every thing is left to the clerk.

2. There is nothing of record to show that appellant has been convicted of any offense, and yet he is in the penitentiary.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

The record in this case is not one upon which a reversal can be had. The appeal should either be dismissed or the case affirmed. No judgment is copied into the record. There is no bill of exceptions, showing the evidence. The instructions are correctly given.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellant was indicted and tried for the crime of murder. A verdict of guilty, and fixing his punishment at confinement in the penitentiary for life, was found against him. He was orally sentenced by the court, but the verdict and judgment were not spread upon the order-book. At the time the judgment was rendered the following entry was made on the *minute-book,* viz:

"COMMONWEALTH
        vs.          } Written order or judgment."
" GEORGE JOHNSON.

The minute-book was signed by the judge, and the court adjourned without the orders of the last day of the term, which were entered on the *order*-book, being signed by him also.

In this state of the records the appellant appealed or attempted to appeal. He was unable to obtain from the clerk of the lower court a transcript of the record; and on his motion, accompanied by affidavits, a rule and an alias rule were issued against the clerk, and after the expiration.

of more than six months that functionary responded to the
rule by filing a copy of the verdict and judgment purporting
to have been taken from the signed orders on the *order-
book.*

The appellant was taken to the penitentiary before the
judgment was signed by the judge, and while the skeleton
minute on the *minute-book*, and the verdict and judgment
written in full by the clerk on the order-book among the
last day's unsigned proceedings of the term of the court,
at which appellant was convicted, were the only record evi-
dence of the verdict and judgment against him.

The law requires that "the proceedings of each day shall
be drawn up by the clerk *from his* minutes in a plain, legi-
ble manner, which, after being corrected as ordered by the
court, and read in an audible voice, shall be signed by the
presiding judge."

"Any clerk offending herein shall be fined five hundred
dollars." (Section 2, article 2, chapter 16, General Statutes.)

The preservation, certainty, and perpetuation of the rec-
ords of the court is of the highest importance; and the
safeguards which the law, for the purpose of rendering
them permanent and conclusive, has thrown around them
should be maintained with scrupulous care, and observed by
the courts with ceaseless vigilance.

Upon their integrity and preservation depend the dearest
and most valuable rights of the citizen; and from the loose
practice exhibited by this record confusion, uncertainty, and
insecurity must follow as an inevitable consequence, and
the verity of the records of the courts rendered doubtful
and perplexing.

This court said, in the case of The Commonwealth v.
Chambers, 1st J. J. Mar., 114, that "the business trans-

acted by the court is stated in the minute-book in short notes, and these are written out on the order-book or record proper, at full length, as the clerk has time. When so written out and signed by the judge they constitute the proper records of the court, and until signed by the judge they cannot with propriety be considered the record. We know that the judges of the circuit courts sometimes, by signing the minutes, give, or attempt to give, the minute-book the force of a record; but this is a practice which we think ought not to be tolerated. The minutes are, generally, too imperfect to show clearly and fully what the court has decided and done.

The practice of permitting the clerk, after the adjournment of the court, to write out the minutes at full length, and insert many things which cannot appear from the minutes, does *pro tanto* constitute him in fact a judicial officer in vacation. Such practices should be discontinued. (See Raymond, &c., v. Smith, &c., 1st Met., 67.) Thus it will be seen that the minute-book did not contain the legal orders of the court, and the signature of the judge did not increase their validity; so that we have before us a verdict and judgment illegally entered and illegally executed, and their subsequent entry on the order-book by the clerk did not give them any validity before they were signed by the judge, if, indeed, the last day's proceedings now embracing the verdict and judgment and entered on the order-book have even been signed by him

Wherefore, the judgment is reversed, and cause remanded, with directions to grant appellant a new trial.