### SILAS A. VINCENT *vs.* MICHAEL MCNAMARA.

Third Judicial District, New Haven, Jan. Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The clerk of the Supreme Court of Errors who makes up and has charge of the docket for the judicial district at any term, is the only clerk with whom to file original papers presented during the term. But where such papers are required to be filed before the opening of the term to which the appeal is taken, they may be filed either with the clerk for the county in which the judgment appealed from was rendered, or with the clerk for the county in which the term is to be held.

The ten days within which an appellant must, under certain circumstances, appeal to the Supreme Court of Errors, begins to run from

the time final judgment is entered up, and not from the date of the decision from which such judgment results.

A demurrer to the plaintiff's complaint was sustained on November 30th and an entry to that effect was made upon the record by order of the Superior Court. On December 31st the court, upon the plaintiff's motion, entered up judgment as of that date for the defendant, from which the plaintiff within ten days thereafter appealed. *Held* that the appeal was seasonably taken.

An action to recover damages from the defendant, a business competitor of the plaintiff, for a malicious attachment of the plaintiff's goods and the consequent injury to his business, is not barred by a former judgment in favor of the plaintiff in an action of replevin against the attaching officer alone, to regain possession of the goods attached together with damages for their wrongful detention. The causes of action are different and distinct.

An unsatisfied judgment against one of two joint trespassers for the damages resulting from the trespass, does not bar a later suit for the same damages against the other.

[Argued January 19th — decided February 8th, 1898.]

ACTION to recover damages for a malicious attachment of the plaintiff's property and the consequent injury to his business, brought to the Superior Court in Fairfield County and tried to the court, *Elmer, J.,* upon the defendant's demurrer to the complaint; the court sustained the demurrer and rendered judgment for the defendant, and the plaintiff appealed for alleged errors in the rulings of the court. *Error and judgment reversed.* In this court the appellee filed a plea in abatement. *Overruled.*

The complaint alleged that on October 16th, 1894, the defendant owned the only feed store and grist mill in a certain quarter of the town of Brookfield; that on that day the plaintiff opened another such store and mill there for business, and at once became a competitor of the defendant in the feed and grain business; that in November the defendant caused a writ of attachment to be issued against a third party, and then maliciously attached thereon the stock in trade of the plaintiff for the purpose of breaking up his business, thereby closing up his mill and store for several days, hindering his business, and keeping him out of possession until December, when he replevied the goods from the attaching officer; that when replevied, they were damaged

and in part spoiled; that in February, 1897, he obtained final judgment against the officer in his replevin suit; that the defendant knew or ought to have known at the time of the attachment that the plaintiff owned the goods, but nevertheless ordered the officer to attach them and close up the store and mill, for the purpose of annoying and harassing him and driving him out of business, and to get rid of a competitor in said business; and that but for the attachment the plaintiff would have made a profit of $200 from his business, between the date of the attachment and that of his writ of replevin.

The causes of demurrer were, that the judgment in replevin against the attaching officer was a bar to this suit; that the damage to the goods while attached gave no cause of action against the defendant; and that the claim for relief (which was for damages) was not supported by the facts alleged. The record of the cause showed an entry of "demurrer sustained, *Elmer, J.,*" on November 30th, 1897. The judgment was dated December 31st, 1897, and after stating that the court found the issue for the defendant on November 30th, set forth that "said action came thence to the present time, whereupon it is adjudged by this court that the defendant recover of the plaintiff his costs, taxed at $      ."

The defendant pleaded in abatement of the appeal, that the decision of the Superior Court sustaining the demurrer was duly made and filed on November 30th, and that afterwards the plaintiff, on December 31st, 1897, upon his own motion, caused said court to enter up a judgment of said date; and that the appeal was not taken within ten days from November 30th, but only within ten days from the judgment of December 31st.

The plaintiff moved orally in this court that the plea in abatement be not entertained, because it was filed with the clerk of the Supreme Court of Errors for New Haven county, when the appeal was from a judgment rendered in Fairfield county, and therefore the plea should have been filed with the clerk of the court for Fairfield county; and also because the allegations of the plea contradicted the record and judgment of the Superior Court.

This motion was denied, and a demurrer was then filed to the plea in abatement, which demurrer was sustained, and the appeal then heard on its merits.

*Henry A. Purdy*, for the appellant (plaintiff).

Judgment in this case was rendered on December 31st, 1897; and the fact that there had been a previous hearing and decision upon the demurrer does not affect the plaintiff's right of appeal. *Megin* v. *Filor*, 4 Fla. 203; *Betton* v. *Williams*, 1 id. 11; *Ætna Ins. Co.* v. *Swift*, 12 Minn. 326; *Kellar* v. *The State*, 71 Amer. Dec. 596. The judgment sustaining or overruling a demurrer is not final. *Chester* v. *Leonard*, 68 Conn. 504. The plaintiff had the right to elect to stand upon his demurrer, and to ask that a final judgment might be rendered from which he could appeal. *O'Donnell* v. *Sargent & Co.*, 69 Conn. 476. In order that a former judgment may be held to be a bar to the prosecution of a second action, four identities must concur: first, identity of the thing sued for; second, identity of the cause of action; third, identity of the persons and parties of the action; fourth, identity of the quality of the persons for or against whom the claim is made. *Lyon* v. *Perin & Geff M'f'g Co.*, 125 U. S. 698; *Hungerford's Appeal*, 41 Conn. 322; *Anderson* v. *Gregory*, 43 id. 61; *Carver* v. *Staples*, 52 id. 21; *Lovell* v. *Hammond*, 66 id. 500; *Fuller* v. *Met. Life*, 68 Conn. 55; *Miles* v. *Strong*, ibid. 273. In the action of replevin the plaintiff could not have recovered damages for the injury complained of in this complaint, and even if he could the two actions are for different causes, and where the causes of action are different the plaintiff is not bound to join them in one action, though he may do so. *Eastman* v. *Porter*, 14 Wis. 42; *La Montague* v. *Howe*, 84 id. 333; *Merritt* v. *Tariffville M'f'g Co.*, 10 Conn. 388. In New York an action of replevin and an action for damages to the property are treated as different causes of action. Code of Civil Proc. § 1722. The same rule appears to be applied in Indiana and Kentucky. *Baal* v. *Stewart*, 109 Ind. 371; *Pharis* v. *Carver*, 13 B. Mon. 236. The parties to the different suits are not the same. The defendant in the replevin suit

and the defendant in this suit are two different persons, though they may both be guilty of the same wrong, and liable as joint tort feasors. But a judgment against one while the same remains unsatisfied, is no bar to an action against the other, even upon the same cause of action. *Sheldon* v. *Kibbe*, 3 Conn. 214; *Morgan* v. *Chester*, 4 id. 388; *Atwater* v. *Tupper*, 45 id. 146. The action of replevin is purely statutory, and the statute must be strictly followed. *Spencer* v. *Bidwell*, 49 Conn. 62.

*James H. McMahon*, for the appellee (defendant).

The appeal was not taken within the time prescribed by statute, if based upon the decision sustaining the demurrer. If based upon the final judgment, the plaintiff cannot appeal because that judgment was rendered at his request. *Schmidt* v. *Oregon, etc., Co.*, 28 Or. 9; *Nowegian Plow Co.* v. *Bollman*, 47 Neb. 186; *Walter* v. *Chicago, etc., Ry. Co.*, 56 Fed. Rep. 1006; *Erlanger* v. *So. Pac. R. Co.*, 109 Cal. 395; *Scateua* v. *Cal. Canning Co.*, 115 id. 14. The plaintiff seeks damages in this suit for the same taking and detention by the officer, for which recovery and satisfaction has already been had against the officer. This he cannot do. There is an absolute identity in the original cause of action in both suits. 2 Black on Judg. 738. When a party brings an action for a part only of an entire indivisible demand, and recovers judgment, he is estopped from subsequently bringing another action for another part of the same demand. *Bartels* v. *Schell*, 16 Fed. Rep. 341; *Firemen's Ins. Co.* v. *Cochran*, 27 Ala. 228; *Lawrence* v. *U. S.*, 8 U. S. Court of Claims, 252; *Damon* v. *Denny*, 54 Conn. 256; *Ross* v. *Weber*, 26 Ill. 222; *Matthias* v. *Cook*, 31 id. 83; *Kaehler* v. *Dobberpuhl*, 60 Wis. 256, 262; *Stevens* v. *Tuite*, 104 Mass. 328, 334. The defense of satisfaction, etc., is disclosed by the complaint, so that the demurrer will lie. Abbott's Trial Brief on the Pleadings, page 119, § 127 and cases cited; *Perkins* v. *Rogers*, 35 Ind. 124.

BALDWIN, J. The appellee filed a plea in abatement with

the clerk of the Supreme Court of Errors for New Haven county on the Friday preceding the first day of the January term of the court to be held at New Haven, in the third judicial district, to which term the appeal had been taken. The appellant moved that the plea be stricken from the files, because it was not filed with the clerk of the court for Fairfield county. This motion was denied, and the point of practice thus decided is of such importance that the court deem it proper to state the reasons which led to that result, particularly as in another appeal from Fairfield county at the same term, a similar plea was entertained, against the objection of the appellant, which had been filed with the clerk of the court for Fairfield county.

The secretary of the State was the sole clerk of this court from its original institution in 1784, until 1819. During this period it sat only at the capital of the State. In 1819 a law was passed that one term should be held annually in each county, and that "the clerks of the Superior Courts in the several counties, shall be clerks of the Supreme Court of Errors in their respective counties." Stat. Rev. of 1821, p. 137, § 2. In 1866, "to facilitate the trial of causes before the Supreme Court of Errors," the State was divided into four judicial districts, each containing two counties, and in each of which the court was to hold two terms a year, and it was provided that the court "shall have and exercise the same powers, authority, and jurisdiction in each judicial district, which it has hitherto had and exercised in the counties of which such district is constituted." This statute also declared that "the clerks of the Superior Court in the several counties shall be clerks of the Supreme Court of Errors for their respective counties in the judicial districts to which such counties belong." Public Acts of 1866, p. 43, Chap. 75. In 1889 the third judicial district was reconstituted so as to be "composed of the counties of New Haven and Fairfield," the court to sit twice a year at New Haven and twice a year at Bridgeport, and it was further enacted that "the clerk of the Superior Court for New Haven county shall keep a docket upon which all appeals to be heard by the Supreme Court

of Errors in New Haven shall be entered in the following order: first, appeals from Fairfield county; second, appeals from New Haven county. The clerk of the Superior Court for Fairfield county shall keep a docket upon which all appeals to be heard by the Supreme Court of Errors in Bridgeport shall be entered in the following order: first, appeals from New Haven county; second, appeals from Fairfield county." Public Acts of 1889, p. 77, Chap. 141.

The Supreme Court of Errors is a court whose jurisdiction is co-extensive with the State. Each of its eight clerks (that is, the clerk for each county) is, as such, a State officer, and the court could require his attendance, in case of necessity, at any of its sessions, whether held within or without the particular county in which its files and records are regularly in his keeping.

It being made by law the duty of the clerk for New Haven county to prepare the entire docket for those terms of the court for the third judicial district which are held at New Haven, it has not been our custom to require the attendance at those terms of the clerk for Fairfield county. The clerk for New Haven county is, for the purposes of that term, the clerk of the court for the entire district.

Causes may be heard, at such a term, transferred by consent from counties belonging to other districts. It is the duty of the clerk in attendance to note such orders as the court may make in any causes, upon its docket, without regard to the county from which they come. It is also his duty to communicate to the clerk of this court in each county, whatever judgments may be rendered in causes originating there; for it is there that the final record of the cause is completed and preserved. The clerk who has charge of the docket of a district, at any term, is placed in that position to facilitate the disposition of the causes entered. He is the only clerk of the court with whom to file original papers presented during the term for the consideration of this court.

By a recent statute, it is required that pleas in abatement, which heretofore have been filed on the first day of the term,

shall be filed on or before the Friday preceding such day. Public Acts of 1897, p. 895, § 30. Under the previous practice, such pleas were filed with the clerk of the court in and for the district within which the cause was pending for consideration. His functions as clerk of the court for the district commence before the opening of the term, for the docket must be prepared in advance. If, before it is made up, a plea in abatement or other original paper is filed in any of the causes to be entered, that fact should be noted on the docket as printed, and the paper immediately printed also. It is therefore proper to file it with him, although the cause may come up from a county in which he is not acting as the clerk of the court; for it is thus brought soonest to his notice. But it does not follow that to file it with the clerk of the court for such other county would be improper. Each of these clerks is equally a clerk of this court, and each has certain clerical duties to perform with reference to the cause. One prepares it for entry upon the docket; the other makes the entry and retains charge of it until it becomes the subject of a final adjudication, or is continued to another term.

As soon as an appeal in ordinary course is perfected, the cause passes under the control of this court, and is pending here. *Huntington* v. *McMahon*, 48 Conn. 174, 195. Until the opening of the term to which the appeal is taken, any original papers, entitled in this court, may be filed either with the clerk for the county in which the judgment appealed from was rendered, or with the clerk for the county in which the term is to be held. Each is a clerk of the court having cognizance of the cause; one acting as the permanent custodian of its files and records for the county whence the appeal is brought, and the other as the temporary custodian of such of those files and records as relate to this appeal and come into his hands in his capacity as, for the time being, the acting clerk for the district, to facilitate the preparations for the hearing, or the proceedings incident to the hearing itself.

The plea in abatement in the case at bar set up that the appeal was not taken within the ten days allowed by statute

after the rendition of the final judgment. This contention rests upon the ground that an entry by order of court, that a demurrer to the complaint is sustained, is such a judgment; notwithstanding the record shows a judgment in form, based upon such a ruling, which was rendered a month later, and upon which the appeal is predicated.

The General Rules of Practice provide that in all actions the judgment shall be formally written out, under an appropriate caption entitled as of the day on which is entered, and signed by the clerk or judge as the case may be. 58 Conn. 586, 587. The date of its entry is often subsequent to that of the decision from which it results. Such was the case in the present instance, and the fact that it was the losing party on whose motion the entry was formally made, did not convert it into a consent decree. The defendant having neglected to prepare the judgment file, or to ask the clerk to do so, the plaintiff was under the necessity of making the motion, in order to found the appeal, which he desired to take. He was not bound to avail himself of his statutory right to plead over, if he preferred to stand on his original complaint. *O'Donnell* v. *Sargent & Co.*, 69 Conn. 476.

For these reasons, the plea in abatement is insufficient and was overruled.

We now come to the consideration of the appeal upon its merits. The single question presented is whether, if a man whose goods are maliciously attached upon a writ against a third party, replevies them from the officer and subsequently recovers judgment against him in the replevin suit, that judgment necessarily bars any subsequent action against the original plaintiff who wrongfully directed such attachment, for damages resulting from that act.

In case of a wrongful attachment, replevin, under our statutes, may be brought either against the officer or the plaintiff in the attachment suit, or both, to recover the goods, together with the damages from their wrongful detention. General Statutes, p. 308, § § 1323, 1325, 1327.

The plaintiff in this case elected to sue the officer alone, and presumably recovered from him full damages for the

wrongful detention of the goods replevied. But such detention was not the only wrong of which he could complain. The original taking by attachment was, on the part of the present defendant, a malicious abuse of legal process, designed to drive a competitor in business from the field, and achieving a temporary success. Against the officer no malice or improper motive is charged. He could therefore be held to answer in damages only to the extent required to compensate the plaintiff in replevin for the actual pecuniary loss, necessarily involved. *Oviatt* v. *Pond*, 29 Conn. 479; *Morey* v. *Hoyt*, 62 id. 542. The plaintiff in the attachment, on the other hand, may be liable for consequential, and perhaps for vindictive damages. *Watson* v. *Sutherland*, 5 Wall. 74, 79; *Merrills* v. *Tariff M'f'g Co.*, 10 Conn. 384. The causes of action were different and distinct.

Nor does it appear from the complaint that the plaintiff has collected whatever damages may have been awarded in the replevin suit. The officer and the party under whose directions he acted were joint trespassers. Their liability was joint and several, and an unsatisfied judgment against one for the damages resulting from the trespass, would be no bar to a later suit for the same damages against the other. *Sheldon* v. *Kibbe*, 3 Conn. 214; *Lovejoy* v. *Murray*, 3 Wall. 1. The complaint was therefore sufficient on its face, and the demurrer should not have been sustained.

There is error in the judgment appealed from.

In this opinion the other judges concurred.