JUDSON et al. v. GAGE, Secretary of the Treasury.

(Circuit Court of Appeals, Second Circuit. December 7, 1899.)

No. 114.

1. JUDGMENT—WHAT CONSTITUTES—ORAL OPINION OR FINDING.

An orally expressed opinion or finding of a judge in a case not tried to a jury does not, according to the practice of the federal courts, constitute a judgment, and is subject to modification or change until it has become a written order of the court.

2. SAME—POWER TO SET ASIDE.

Where a formal written judgment is not made and signed until the term succeeding the one at which the matter was orally determined, the judgment comes into existence only at the later term, and remains subject to the control of the court until the close of such term.

**3. APPEAL—APPEALABLE JUDGMENT OR ORDER.**

After having orally approved the report of a committee selected to appraise the value of real estate in condemnation proceedings, the cause was continued. At the succeeding term a formal judgment was entered on the award, which was subsequently, at the same term, vacated, and the award of the committee set aside. *Held* that, conceding the action of the court in setting aside the award to have been erroneous, it was not without jurisdiction or void, and hence there was no final decision in the cause which could be reviewed on a writ of error.

In Error to the District Court of the United States for the District of Connecticut.

On motion to dismiss a writ of error.

Geo. P. Carroll, for the motion.

Robert E. De Forest, opposed.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The proceeding is a motion to dismiss a writ of error upon the ground that the judgment which is sought to be reviewed was not a final judgment. The plaintiff in error has brought, and there is now pending, a petition for a writ of mandamus to require the settlement of a bill of exceptions in regard to matters not apparent in the record of the judgment. The secretary of the treasury brought an application to the district court for the district of Connecticut for the condemnation of described land in Bridgeport, Conn., which he had selected for an addition to the post office in that city; being thereunto authorized by acts of congress approved June 4 and July 19, 1897 (30 Stat. 11, 112). The land belonged to R. M. Judson. The statute of Connecticut, under which the condemnation proceedings were conducted, provides that the court shall appoint a committee of three men, who shall ascertain the value of the land, and the damages to the owner from the taking, and report their doings to the court, which may accept the same, or, in case of irregular or improper conduct on their part, reject the report and appoint another committee. The United States district attorney and the attorney for Judson selected three persons, called, in the written submission signed by the said attorneys, "arbitrators," and submitted to them the question of damages to Judson by reason of the enlargement of the post office, who heard the parties, and on August 8, 1898, awarded to Judson $32,000. At the December term, 1898, viz. on January 3, 1899, a judgment was entered of the acceptance of the award by the court, and for the payment to Judson of $32,000. Subsequently, at the same term, the secretary of the treasury moved that the judgment be opened, and that the award should be set aside. The counsel for Judson moved that the motion to open the judgment be denied for want of jurisdiction, which was denied, the judge making the following memorandum:

"Counsel for defendant contend that this court has no jurisdiction, because the award was presented to the court during the preceding term, and they claim judgment was then rendered thereon. In support thereof they rely upon the following entries in the minute book of the judge:

" 'Oct. 5. (517) Gage, Sec'y Treasury, vs. Judson. Award of $32,000 in favor of Judson, and U. S. is satisfied with award, and asks report be accepted, and discontinue as to others. Order discontinuance granted. Balance continued. " 'Oct. 7. U. S. (Gage) vs. Judson. Award approved and accepted; $32,000.'

"These minutes are not in any sense the entries of a judgment. They are the mere memoranda of the judge as to the proceedings in court, and as to the course to be pursued when the judgment file shall be presented."

After a hearing upon the motion to set aside the judgment, the court, on May 23, 1899, ordered:

"That inasmuch as the court was never called upon to appoint any committee to assess damages for the taking of the land in question, and inasmuch as the arbitrators herein acted without any authority from or appointment by the court, an order may be entered vacating said award, and vacating the judgment as appears of record, approving and accepting said award."

Thereupon the secretary of the treasury applied for the appointment of a new committee, but the hearing was postponed during the pendency of this writ of error. The proceeding under the statute of Connecticut is simply for the ascertainment of damages to the owner of the land, and can be styled an action at law, in which a writ of error is the proper mode of procedure by which the judgment of the trial court may be reviewed.

Upon the facts, as disclosed in the record, it is manifest that no final decision has been rendered in the district court. In behalf of Judson it is asserted that a bill of exceptions would show that a final judgment accepting the report of the committee had previously been made at the August term, 1898, viz. on October 7, 1898; that the court was without jurisdiction to proceed further in the case; and that the order of the succeeding term was void. The court was asked on May 26, 1899, to settle a bill of exceptions. The substantial facts which Judson desires to have appear in his proposed bill of exceptions were the agreement of the parties upon the so-called arbitrators,—facts from which the sanction of the court to the appointment of such persons as a committee may be inferred; that the report of this committee was presented to the court for acceptance by the plaintiffs' attorneys; that the court on October 7, 1898, orally accepted it, and made a memorandum thereof; that afterwards, at the following term, on January 3, 1899, upon the plaintiffs' motion, the formal judgment was signed; and that no objection was made to said report until February 6, 1899. We are of opinion that, assuming all the facts set forth in the petition for mandamus to be true, there has been no final decision by the district court which can now be reviewed by writ of error. The contention of the plaintiff in error is that an orally expressed opinion or determination of the judge to accept the report is an acceptance which operates as a judgment, although no judgment or order of acceptance was made a matter of record. Such is not, according to the practice of the federal courts in the district of Connecticut, or, as it is believed, elsewhere, the effect of a mere oral opinion or oral finding of a court in a case without trial by jury. It does not take effect, and is liable to be modified or changed, or

delayed, if, in the opinion of the judge, there is reason for change, until it is entered of record. The oral expression of the district judge in regard to the propriety of the acceptance of the report is not a judgment until it has become a written order of court. Until then, it has not taken the form of an authoritative decree, and is not operative. Anglo-California Bank v. Mahony Min. Co., 5 Sawy. 255, Fed. Cas. No. 392; U. S. v. Gomez, 1 Wall. 690, 17 L. Ed. 677. A judgment in form was not asked for. The cause was continued until the next term of court, when some one, apparently recognizing that the cause was not at an end, prepared a written judgment, which was signed by the judge, and which spoke from that term. The entry of a written judgment or order of court is now, under the existing rules of practice of the state courts in Connecticut, apparently required, upon the ground that, until the decision of the court has become a written judgment, it is not operative. Vincent v. McNamara, 70 Conn. 332, 39 Atl. 444. The cause, having been properly and necessarily continued to the December term, 1898, was within the court's control. The judgment of January 3d was entered and was set aside during the same term; for, if a proper cause is made, a "control of the court over its own judgments during the term is of everyday practice." Bassett v. U. S., 9 Wall. 38, 19 L. Ed. 548. It is said in behalf of Judson that no proper cause was shown, and that the committee had been sanctioned or approved by the court, which had no jurisdiction to set aside their report, unless for their irregular or improper conduct. In taking this position, the learned counsel for Judson do not recognize the distinction between error on the part of the trial court and lack of jurisdiction. The district judge, because, in his opinion, "the arbitrators herein acted without any authority from or appointment by the court," vacated the judgment which had been entered. It may be that the judge drew an erroneous conclusion from existing facts, but his jurisdiction existed, and his act in setting aside his previously entered judgment is not void. He said, in substance:

"This committee not being of my appointment, or created by my act, they were without authority to act as a committee of the court. Therefore, having been mistaken as to the character of their report, I vacate the decree of acceptance."

The conclusion, if erroneous, was not void or beyond his jurisdiction. Humphries v. District of Columbia, 174 U. S. 190, 19 Sup. Ct. 637, 43 L. Ed. 944; Maxwell v. Stewart, 21 Wall. 71, 22 L. Ed. 564; Ex parte Bigelow, 113 U. S. 328, 28 L. Ed. 1005; In re Eckart, 166 U. S. 481, 17 Sup. Ct. 638, 41 L. Ed. 1085. The decision simply said that the committee, as theretofore created, was not a committee of the court. It did not prohibit their appointment, did not limit the amount of damages, and the case is now awaiting the appointment and the action of a new committee, no final decision having been reached. The motion to dismiss the writ of error is granted, without costs of this court.