THE PEOPLE *v.* ELIGIER ET. AL.

APPEAL from the District Court of Arecibo.

No. 62.—Decided November 20, 1905.

CRIMINAL LAW—EVIDENCE—CONFESSION OF THE ACCUSED—HEARSAY EVIDENCE.— Where a defendant has confessed to other persons that he committed the crime, such confession may be presented in evidence against him, and the testimony of such persons in regard to the confession cannot be regarded as hearsay evidence, nor does it fall within the prohibition contained in section 7 of the Code of Criminal Procedure.

ID.—EVIDENCE—APPEAL—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—In order that the court may consider on appeal the allegations that the verdict and judgment are not sustained by the evidence, it is necessary that the same be submitted to its consideration by means of a bill of exceptions or statement of facts, and on a failure so to present such evidence it will be presumed that the evidence is sufficient to justify the verdict and judgment.

ID.—STENOGRAPHIC NOTES—MINUTES OF THE COURT—RECORD.—Although the notes of the stenographer constitute *prima facie* the minutes of the court, the latter have never been deemed to include in their signification the testimony of witnesses; wherefore such notes cannot be considered as a bill of exceptions or statement of facts, nor can the same be used as a substitute therefor, nor has the word *minutes* the same signification as the word *record*.

ID.—INSTRUCTIONS OF THE COURT TO THE JURY—QUESTIONS RELATING THERETO.— The provisions of section 300 of the Code of Criminal Procedure do not refer to the facts proved on a trial nor to the testimony of witnesses, but exclusively to the instructions of the court to the jury, and to such questions as arise in relation thereto.

Id.—Object—Bill of Exceptions—Statement of Facts.—The notes of the stenographer must contain a faithful statement of all the proceedings had in the trial of the case and should be consulted in preparing the bill of exceptions or the statement of facts, which should only contain a brief statement of all the facts proved at the trial either by documentary evidence or the testimony of witnesses, and must be signed by counsel for both parties if possible, and approved by the judge.

The facts are stated in the opinion.

*Mr. Large* for appellant.

*Mr. Rossy, fiscal,* for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

The appellants in this case, together with Pablo Fernandez, alias Botella, were accused by the *fiscal* of the District of Arecibo of robbery, and upon a trial Fernandez was acquitted and these appellants sentenced to six years each in the penitentiary. Through their counsel Simon Large, esq., they took an appeal to this court, and the record was filed here on the 19th of August last. It contains a bill of exceptions prepared in proper form, and a transcript of the stenographer's notes, covering 36 pages, detailing the testimony of every witness with questions and answers, and certified to by the stenographer, Francisco Montilla, stating that the copy agrees exactly with his stenographic notes taken by him on the oral trial of the case.

In his brief, duly filed in this court, counsel for appellants makes the following points:

First. That the evidence of Miguel Angel Balseiro and Oscar Bithorn, being hearsay, should not have been admitted upon the oral trial, nor taken into account in the rendition of the verdict; citing in support of his proposition section 7 of the Code of Criminal Procedure, which prescribes that no person can be compelled, in a criminal action, to be a witness against himself.

The testimony of the witnesses Balseiro and Bithorn sets out confessions made to them by the accused, and does not come within the prohibition contained in section 7 of the Code of Criminal Procedure, nor is the testimony hearsay. This

question was fully discussed and decided in the case of *Francisco Rivera* on the 25th of June, 1904, and reference there made to a sufficient number of authorities, including among others, Cooley on Constitutional Limitations, pages 379 to 383, inclusive, and Greenleaf on Evidence, sections 214 and 215. No further reference is necessary in regard to this point. It is clearly not well taken, being presented under a misapprehension of the law.

The second point made by the counsel for the appellants is that the evidence introduced on the trial is wholly insufficient on which to base a verdict and a judgment. In order to consider this point it would be necessary for this court to have before it in proper form the facts proved on the trial, embodied either in a bill of exceptions or a statement of facts, preferably the latter. The stenographer's notes cannot be considered as a statement of facts or a bill of exceptions, nor can they be used as a substitute therefor. There is nothing said in the Code of Criminal Procedure in regard to the stenographer or the stenographer's notes, but in section 300 thereof reference is made to cases in which charges or instructions given by the court to the jury may have been taken down by a reporter, stating that the questions presented in such charges need not be excepted to or embodied in a bill of exceptions, but that the written charges or the report, with the endorsements showing the action of the court, form a part of the record, and that any error in the decision of the court thereon may be taken advantage of on an appeal, in like manner as if presented in a bill of exceptions. This section has no reference to the facts proved on the trial or to the testimony of witnesses, but only to the charges or instructions given by the court to the jury.

The first mention made in our statutes of a stenographer is in the act of the 10th of March, 1904, entitled "An act to provide for the appointment, duties and compensation of stenographer of the district court." (See Laws of 1904 pp. 120, 121-122.) By this statute the stenographer is made an officer

of the court and required to take the oath prescribed for judicial officers, and to give a bond in the sum of $5,000 for the faithful discharge of his duties, and receives a salary of $1,200 per annum. Evidently he is considered an officer of considerable dignity and responsibility. He is called in the act a "reporter," and is required to correctly report all oral proceedings had in the trial courts, and the testimony taken in cases tried before the court; the parties having the right, with the consent of the judge, to waive reports in any case. The reporter is further required to file the stenographic records made by him with the secretary of the district court of the district in which such report was made, and the action was tried. (See secs. 3 and 4 of the above cited act.)

In section 5 of the act it is prescribed that ".such copy of the record shall constitute *prima facie* the minutes of the court and may be used on all motions for new trials, review or appeals, when minutes of the court may be used."

Without reference to what use may be made of the stenographic record above mentioned in the trial court we have to consider here what standing it has in this court on review or appeal. The last quotation from the law shows that it constitutes *prima facie* the minutes of the court. The minutes of the court never at any time included the testimony of witnesses. The term "minutes" is defined in Bouvier's Dictionary, second volume, page 418, as follows:

"*In Practice.*—A memorandum of what takes place in court made by authority of the court. From these minutes the record is afterwards made up.

"Minutes are not considered as any part of the record. It is not the office of the clerk's minutes to indicate the legal questions raised upon a trial and determined by the court."

Reference is made to 1 Ohio, 268; 23 Pick., 184; 94 N. Y., 514; 80 Conn., 377; 34 La. A., 369.

The original reports in these cases are not accessible to us, but the definition shows that the term "minutes" is not

synonymous with "record," and that the stenographic report referred to may constitute the minutes of the court without being used or considered as a statement of facts; and it really is not a statement of facts. The stenographer's notes are, or should be, a faithful transcript of everything that takes place in the trial court, and when written out in long hand and filed with the clerk of the court, they are useful for reference in ascertaining what were the rulings of the court, what were the points made by the attorneys, and the exceptions taken to the admission or exclusion of evidence, or other rulings during the progress of the trial. The term "minutes" is also fully defined with a reference to the authorities in 15 American and English Encyclopaedia of Law (1st Ed., p. 618), as follows:

"*Minutes* (See also memorandum; record; public officers; time).— The brief report in writing of the proceedings of a court, of any meeting, or society. The clerk of a court must of necessity take ( the doings of the court in short, brief notes. This he usually does in a minute book, called the docket from which a full, extended, and intelligible record is afterwards made up. But until they can be made up, these short notes must stand as a record, and if, in the meantime, through the death or sickness of the clerk or other casualty, they are lost, it must be deemed a loss of the records, and secondary proof may be offered of their contents. They are known as the minutes of the court or the clerk's minutes. When the minutes are written out on the order-book or record proper, at full length and signed by the judge, they constitute the proper records of the court, and until they are thus signed by the judge, they cannot with propriety be considered the record. The clerk's minutes cannot be used to indicate the legal questions raised upon the trial or to enlarge or ascertain the grounds of a decision; the case as settled by the judge must be controlling as to what took place at that time. But it is well settled that the court has the right to correct its minutes so as to have them conform to the truth by a correct statement of facts, at any time, even after appeal, particularly when this is done in open court and in the presence of the accused who does not charge falsity against the correction and consequent injury to him.

"Judges of the circuit court sometimes, by signing the minutes,

give, or attempt to give, the minute book the force of a record; but this is a practice which we think ought not to be tolerated. The minutes are, generally, too imperfect to show clearly and fully what the court has decided and done. The practice of permitting the clerk, after the adjournment of the court, to write out the minutes at full length, and insert many things which cannot appear from the minutes, does *pro tanto* constitute him in fact a judicial officer in vacation. Such practices should be discontinued. (*Johnson* v. *Com.*, 80 Ky., 377; *The Com.* v. *Chambers*, 1 J. J. Marsh. [Ky.], 108-114; *Scott* v. *Morgan*, 94 N. Y., 508.)''

The minutes may be referred to, and are very useful in making up a bill of exceptions to be afterwards approved and signed by the court in proper form, and also in the preparation of a statement of facts, which should be a brief statement of all the facts proved on the trial, either by witnesses or by documentary evidence, signed by counsel for both parties, where it is possible, and afterwards examined and approved by the trial judge. Such statement of facts brings before this court all the material evidence produced on the trial, and can be relied on as presenting the facts upon which the verdict of the jury and the judgment of the court were based. Such a statement is not before the court in this case, and consequently the insufficiency of the evidence presented on the trial to sustain the verdict and judgment of the court cannot be considered.

In the absence of a statement of facts the evidence presented and admitted in the court below must be considered as sufficient to justify the verdict and the judgment. Where the evidence is contradictory, it is the duty of the jury, under the instructions of the court, to reconcile it if they can; and if they cannot, to determine which of the contradictory statements is worthy of belief.

As the record stands in this court there is no ground for disturbing the verdict or judgment of the court below for the insufficiency of the evidence; and for the reasons above stated the judgment of the District Court of Arecibo, rendered

in this case on the 11th of January, 1905, should be in all things affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernandez, Figueras and Wolf concurred.