CASE 9.—ACTION BY G. M. SHEPHERD AGAINST AMELIA
SHEPHERD FOR DIVORCE.—February 6.

# Shepherd v. Shepherd

Appeal from Whitley Circuit Court.

M. L. JARVIS, Circuit Judge.

From an order overruling plaintiff's motion to set
aside an order cancelling judgment for plaintiff,
plaintiff appeals—Affirmed.

Judgment—Entry—Time—Persons Who May Enter.—A judgment
entered by the clerk after the term at which it was rendered,
and without the consent of the presiding judge, is void, and
is properly set aside on motion of defendant.

L. D. STEELEY and K. D. PERKINS for appellant.

E. L. STEPHENS for appellee.

OPINION OF THE COURT BY JUDGE BARKER—Affirm-
ing.

This case comes up on a partial record, and there
is much discussion in the briefs of counsel which
has no application to the question for adjudication,
so far as it appears from the transcript before us.
G. M. Shepherd instituted this action in the Whitley
circuit court to obtain a divorce from his wife, Amelia
Shepherd, on the ground of abandonment.  To this
petition the wife filed an answer and counterclaim,
in which she denied that she abandoned the plaintiff
without fault on his part, and in her counterclaim

charges her husband with being a drunkard, and that, when drunk, he abused her and made her life and home wretched, miserable, and unsafe; that in the spring of 1902 she contracted from him a loathsome sexual disease, which ruined her health and made it impossible for her ever again to live with him; that since the last-named date she has been living with her children, of whom she has five, the fruit of her marriage with plaintiff. She also prayed for alimony. The affirmative allegations of the answer and counterclaim were denied by reply, thus completing the issues. At the January term, 1905, there was entered upon the order book what purports to be a judgment awarding the plaintiff the relief sought in his petition—a divorce from the bonds of matrimony with the defendant. At the same term, but on the 3d day of February, 1905, the following order was entered by the court on motion of the defendant: "This cause being submitted to the court on the motion of the defendant to set aside the judgment appearing on page 558 of order book No. 18, because same was entered without counsel for defendant having an opportunity to be heard on the case, and for the further reason that the judge of this court had not rendered any judgment in said case at the present term of this court, the said motion having been entered and counsel for plaintiff and defendant having been heard on said motion, the court, being advised, sustains said motion, and said judgment is hereby canceled, set aside, and held for naught to all of which plaintiff objects and excepts." From an order overruling appellant's motion to set aside this order, he appeals.

It is said in the briefs that the judgment which the clerk entered on the first day of the January term,

1905, had been drawn up at the August term, 1904, but that the clerk held it up, according to a custom prevailing in that court, until the plaintiff should pay him his costs, and, the plaintiff having paid on the first day of January term, the clerk had entered the order. Assuming this to be true, the clerk was without authority to enter the judgment after the August term was over. Johnson v. Comth., 80 Ky. 377, 4 Ky. L. R. 210. It could not be lawfully entered at the January term without the consent of the presiding judge, and was in no sense a judgment because it was entered upon the order book by the clerk. As the judgment thus entered was void, the court properly set it aside. The order of the court setting aside the void judgment recites that the court did not render any judgment in the case at the January term of the court. We are bound by this declaration of the judge, as there is nothing in the record to refute it. If the order entered by the clerk, without the consent of the presiding judge, can be clothed with any legal vitality, it must be because the clerk has judicial power. As this officer has no such power, the order so entered must be invalid. The cases cited by appellant, holding that the court cannot set aside a judgment granting a divorce after he has entered it, are not applicable to the question before us. The judge did not enter this judgment, and therefore, although it is clothed in the ordinary form of a judgment, it was merely a void order entered by the clerk without any authority whatever.

Judgment affirmed.