CASE 21.—MANDAMUS ON PETITION OF J. M. ROBERTSON AGAINST M. F. DONELAN AND OTHERS.—May 5, 1910.

## Robertson v. Donelan, &c.

Appeal from Campbell Circuit Court.

CHARLES YUNGBLUT, Circuit Judge.

Judgment for defendant, and petitioner appeals.— Affirmed.

1   Mandamus—Nature of Remedy—Other Relief.—Where full relief may be had otherwise. from the judgment or order of a subordinate court,. mandamus will not lie.

2.   Justices of the Peace—Judgment—Entry.—Under Ky. St. section 1088, making justices' courts of record, it is indispensable to the validity of a justice's judgment that it be entered in the book provided for that purpose, and signed after being so entered by the presiding judge or justice of the court.

3.   Justices of the Peace—Erroneous Judgment—Correction.— Where errors are carried into the judgment of a justice of the peace as entered, they may be corrected on appeal from the judgment, if the right of appeal is given by law, or in a direct proceeding to vacate or modify it, but not otherwise.

4.   Justices of the Peace—Judgment—Evidence.—A justice's judgment does not lie in the breast of the judge, nor does it depend on any statement he may have made concerning it, or to the memory of others, but can be evidenced alone by the justice's record thereof.

5.  Forcible Entry and Detainer—Trial by Justice —Pronounce-
    ment of Judgment—Effect.—Civ. Code Prac. section 454, as
    amended, provides that in forcible entry and detainer, if
    neither party demands a jury, the trial shall be by the judge
    or justice presiding, and that the right to traverse the find-
    ing shall be the same as if a verdict had been rendered by a
    jury.  Held that, where an action of forcible entry and de-
    tainer is tried by a justice of the peace without a jury, the
    justice's pronouncement at the end of the trial that he would
    find for defendant did not have the effect of a jury's verdict,
    and did not constitute a conclusive finding for defendant,
    and the justice had power prior to the entry of his judg-
    ment on the docket to change his opinion and enter a
    judgment for plaintiff, within the time defendant was en-
    titled to traverse the same.

OTTO WOLFF for appellant.

FRANK V. BENTON for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirm-
ing.

The appellee, M. F. Donelan, a justice of the peace,
on complaint of the appellee, Robert Porter, issued
a writ of forcible detainer against the appellant, J.
M. Robertson, who was alleged to be wrongfully in
the occupancy of certain real estate  in Campbell
county of which Porter was the owner and claimed
to be entitled to the immediate possession.  Appellant
was duly served with the writ, and when the inquisi-
tion was held thereunder neither party demanded a
jury.  After the evidence was introduced and ar-
gument closed, the  magistrate announced, in the
hearing of the parties and counsel, that his judgment
was, or would be, for the defendant (appellant);
but no judgment was then entered.  Both  parties
and counsel left the place of trial, however, under the
belief that the judgment would be entered as an-
nounced.  After this announcement, and before en-

tering any judgment, the magistrate changed his mind, and, following such change, entered judgment on the docket or book kept for that purpose in favor of the appellee Porter, whereby appellant was adjudged guilty of the forcible detainer complained of, and appellee entitled to the immediate possession of the land. Following the entering of the judgment and upon the afternoon of the day of the trial, the magistrate sought appellant and his counsel to advise them of his change of mind, and that he had entered judgment in conformity to such change, but was unable to find either of them. During the same afternoon he reported his change of opinion, and how the judgment had been entered, to appellee Porter's counsel, and the latter on the following morning informed appellant's counsel of it. On that day appellant executed a proper bond and filed a traverse with the magistrate and returned the papers in the forcible detainer proceedings to the office of the clerk of the circuit court of Campbell county, within 10 days, for a trial of the traverse in that court. After filing the traverse, appellant brought this action in the court below against the appellee Donelan, as justice of the peace, and the appellee Porter, praying that the former be compelled by mandamus to enter judgment of the forcible detainer proceedings in accordance with his oral announcement made at the inquisition. Upon the hearing the writ of mandamus was refused, and the petition therefor dismissed. From the judgment manifesting that ruling of the circuit court, this appeal is prosecuted.

It does not appear from the record before us what disposition, if any, was made of the traverse in the circuit court; nor is it material to the decision of this appeal how it was determined. Mention is here

made of it only for the purpose of calling attention to the fact that the refusal of the circuit court  to grant the writ of mandamus asked by appellant left unimpaired his right to rely  upon the  customary remedy afforded by the traverse; the change of opinion on the part of the trial justice having been made and his judgment entered upon the day of the inquisition and in ample time for appellant to resort to that remedy.

It is a rule of the law that in all cases, "where full and ample relief may be had, either by appeal, writ of error, or otherwise, from the judgment, decree, or order of the subordinate court, mandamus will not lie, since the courts will not permit the functions of an appeal or writ of error to be usurped by the writ of mandamus.  *  *  * It may therefore be laid down as the universal rule, prevailing in both England and America, that the existence of another remedy adequate to correct the action of the inferior court will prevent the relief of mandamus." Shine, Presiding Judge, v. Kentucky Central R. R. Co., 85 Ky. 177, 3 S. W. 18, 8 Ky. Law Rep. 748. But in our view of the case further discussion of this feature of it is unnecessary. The justice of the peace holding the inquest required by the writ of forcible detainer had the legal right, under the circumstances, attending his act,  before  entering  judgment, to change the orally expressed opinion or finding  announced by him on the trial.  Justices' courts are courts of records. Section 1088, Ky. St. (Russell's St. section 3102).  Therefore  they speak and  are judged by and through their records. It is indispensable to the validity of a judgment that it shall be entered in the book provided for that purpose, and signed after being so entered by the presiding judge

or justice of the court.    Ewell v. Jackson, 129 Ky.
214, 110 S. W. 860, 33 Ky. Law Rep. 673; Common-
wealth a. Chambers, 1 J. J. Marsh, 108; Raymond
v. Smith, 1 Metc., 65, 71 Am. Dec. 458; Fristoe v.
Gillen, 80 S. W. 823; Johnson v. Commonwealth, 80
Ky. 377; Sheppard v. Sheppard, 128 Ky. 87, 107 S.
W. 273, 32 Ky. Law Rep. 942.

While, as held in Hicks v. Parks, 30 S. W. 202, 17
Ky. Law Rep. 37, and numerous other cases, this
court has declared it will review with liberality the
proceedings in justices' courts, it has never gone to
the length of saying that a mere oral expression of
opinion on the part of the justice, made at the close
of a trial, indicating how he had decided or would
decide the case, should be allowed to contradict or
supersede a judgment of different meaning and ef-
fect, which the justice, on the day of the trial and
following a change in his oral opinion, had himself
entered in his judgment book and duly signed, as his
judgment in the case.    Manifestly, an orally express-
ed opinion or finding of any court is subject to change
until it has become a written order or judgment of
the court; and to hold otherwise would be to say
that the first impressions of a case on trial received
and expressed by the court, however erroneous they
might be, must be adhered to and entered as its judg-
ment.    Surely, it will not be seriously contended that
we should approve such a doctrine.    While it is, of
course, desirable that the courts should not be vacil-
lating in the performance of their judicial functions,
we cannot withhold from them the right to correct
before entry of judgment, errors real or supposed,
whether of opinion, conclusion, or ruling, into which
they become convinced they have fallen.    If such
errors are carried into the judgment as entered, they

may be corrected or remedied on appeal from the
judgment, if the right of appeal be given by law, or
in a direct proceeding to vacate or modify it, but not
otherwise. Judson v. Gage, 98 Fed. 540, 39 C. C. A.
156; Emery v. Royal, 117 Ind. 299, 20 N. E. 150; Har-
grove v. Turner, 108 Ga. 580, 34 S. E. 1; Weber v.
Mayer, 4 N. D. 119, 59 N. W. 523, 28 L. R. A. 621;
Callahan v. Votruba, 104 Iowa, 672; 74 N. W. 13,
40 L. R. A. 375.

In ascertaining what judgment has been rendered
in a case, it is not in the breast of a judge, or to
some statement he may have made, or to the memory
of others that we must look, but it is to the record,
and to the record alone. It is, however, insisted for
appellant that, as the inquisition was had without
the intervention of a jury, the announcement from
the justice at its conclusion that his judgment was, or
would be, for the defendant (appellant), was a find-
ing that the latter was not guilty of the forcible de-
tainer charged and of the same effect as the verdict
of a jury; and that as, in a case of a verdict by the
jury, the court could only have entered a judgment
in accordance with the verdict, it was its duty, after
making the announcement in question, to enter judg-
ment in accordance with the finding announced, and
he was, therefore, without power to enter the judg-
ment declaring appellant guilty, instead of not guilty,
of the forcible detainer complained of. The error
in this argument lies in the attempt to make of the
justice's oral announcement a finding conclusive of
the appellant's innocence of the forcible detainer
complained of, as if, for the purpose of determining
his guilt or innocence, the justice acted as a jury,
and, having manifested his determination of that
matter by the announcement in question, he trans-

formed or restored himself into a court for the sole purpose of entering a judgment that would accord with the announcement. The justice did not sustain such a dual relation to the case, and the oral announcement which was retracted by his change of opinion and the judgment later entered was not equivalent to the finding of a jury, or conclusive of the appellant's innocence.

Section 454 of the Civil Code of Practice, as amended, provides: "In the trial of writs of forcible detainer or forcible entry and detainer, if neither party in person or by agent or attorney, demand a jury, the trial thereof shall be by the judge or justice presiding; and in such an event the judge or justice shall try all questions arising, whether of law or of fact. No such writ shall direct the summoning of a jury, and the sheriff or other officer to whose hands such a writ may come to do execution thereof shall not summon a jury in such proceeding, unless he be by either party notified in writing that a jury is demanded. At the calling of the cause for trial either party may demand a jury. The right to traverse the finding of a judge or justice shall be the same as if the verdict had been rendered by a jury."

It will be observed that the section, supra, gives the judge or justice presiding in cases of forcible entry and detainer, or either, the power, when a jury is not demanled, to try all questions arising, whether of law or fact. The finding of a judge or justice on the whole case is, therefore, his judgment, and requires some entry to complete it, and although, as decided in Swanson v. Smith, 117 Ky. 116, 77 S. W. 700, 25 Ky. Law Rep. 1260, he may not in a case like this grant a new trial or control his judgment 10 days—the traverse allowed the unsuccessful party

being an adequate remedy—he has in such a case as in all others, discretionary power, and consequently the right to determine what judgment shall be entered.

If the case is tried before a jury, and they find a verdict, it is the duty of the justice to enter his judgment according to the verdict; but where, as in the case before the appellee Donelan, the trial is before the justice without the intervention of a jury, while bound to enter some judgment, that officer has the power and discretion to determine what judgment shall be entered, and the entering of the judgment is the culminating act of his exercise of jurisdiction in the case. When entered the judgment becomes the historical and only evidence of what was done and decided in the case, and, until reversed or set aside, it is conclusive of the rights of all the parties to it. While the judicial act of deciding a case must precede the entering of a judgment, and it is in that sense a thing apart from it, the judgment is the record of the judicial act and the official pronouncement of the court upon the issues and questions submitted to its decision, and, because it is such a record, it cannot be impeached by proof of an oral declaration made by the court before its entry expressive of an intention to render a different judgment.

A careful reading of the cases cited and relied on by appellant will, we think, show that they are not in conflict with the views we have expressed.

Being of opinion that the circuit court properly refused the mandamus asked by appellant, the judgment is affirmed.