Mae Whitfield, Administratrix (Estate of Julius
C. Whitfield), et al. v. Herman Cooper et al.

Superior Court    New Haven County    File No. 121141

Memorandum filed February 23, 1972

*Jacobs, Jacobs, Grudberg & Clifford,* of New
Haven, for the plaintiffs.

*Shiff & Shiff,* of New Haven, and *James O'C.
Shea,* of New Haven, for the defendant Cooper.

*Cotter, Cotter & Sohon,* of Bridgeport, for the defendant Theroux.

Mulvey, J.   In September, 1968, the defendant
Herman Cooper brought his automobile to the shop
of the defendant C. Kenneth Theroux for repairs.
Cooper was supplied with an automobile by Theroux
for his use while his automobile was being repaired.
A few days later, the automobile, operated by
Cooper, was involved in a one-car accident.   The
plaintiffs were passengers in the car and suffered
serious injuries, and the plaintiff administratrix'
decedent, Julius Whitfield, died of the injuries suffered by him.

The third count of the complaint, to which the defendant Theroux demurs, is directed against the defendant Theroux and sounds in strict liability.

The thrust of the defendant Theroux's demurrer
is that the plaintiffs have failed to allege sufficient
facts to set forth a cause of action sounding in strict

liability in that the transaction between Cooper and Theroux with regard to the automobile involved in the accident was not a sale and the doctrine of strict liability does not apply in nonsale situations.

Paragraph 1 of the third count of the complaint alleges that the defendant Theroux "rented or leased or bailed for consideration" an automobile owned by him to the defendant Cooper. Paragraph 2 alleges that the defendant Theroux "was in the business of renting or leasing or bailing said automobile for consideration and said automobile was expected to and did reach the defendant Herman Cooper, the plaintiff's decedent Julius C. Whitfield and the plaintiff Joseph Whitfield without substantial change in the condition in which it was rented or leased or bailed for consideration."

The demurrer admits all well-pleaded facts. The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them. If facts provable under the allegations would support a cause of action, the demurrer must fail. The court will not, in passing on the demurrer, consider other grounds than those specified. *Cyr* v. *Brookfield,* 153 Conn. 261, 263.

In support of his position the defendant Theroux cites *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, as restricting the doctrine of strict liability in this state to cases involving a sale. He also cites the Restatement (Second), 2 Torts § 402 A, comment i.[1] It is true that in *Rossignol* the

---

[1] Section 402 A, entitled "Special Liability of Seller of Product for Physical Harm to User or Consumer," states: "(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such

court was addressing itself to a case involving a sale. But that is not to say that the Supreme Court in that case was saying that the doctrine of strict liability applied only in cases involving a sale. The reasoning which prompted the adoption of § 402 A applies with equal force whether the basic arrangement was a sale, a rental, a lease or bailment. Assuming that the other requirements as set forth in § 402 A and as recited in *Rossignol* can be met, this court sees no bar to the application of the doctrine of strict liability in nonsale cases. This was recognized in *Mitchell* v. *Miller,* 26 Conn. Sup. 142, 147, citing *Simpson* v. *Powered Products of Mich., Inc.,* 24 Conn. Sup. 409; see *Price* v. *Shell Oil Co.,* 2 Cal. 3d 245; *Cintrone* v. *Hertz Truck Leasing & Rental Service,* 45 N.J. 434.

The demurrer is overruled.

a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. (2) The rule stated in Subsection (1) applies although (a) the seller has exercised all possible care in the preparation and sale of his product, and (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."