[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third-party defendants Schiavone for Governor Committee and Joel Schiavone move to strike the third-party complaint claiming that it is legally insufficient in three different respects. Two of the three claims arise under Connecticut campaign financing laws. The third claim is that the agreement alleged in the third-party complaint is unenforceable under the Statute of Frauds.
A motion to strike challenges the legal sufficiency of a pleading. Connecticut Practice Book, 152. For purposes of a motion to strike, all well-pleaded facts and those necessarily implied therefrom are taken as admitted. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 208 (1987). In ruling on the motion to strike, the court must construe the third-party complaint in a manner most favorable to the third-party plaintiff. Morris v. Hartford Courant Co., 200 Conn. 676,678 (1986).
This action was brought by the plaintiff alleging that the defendant Mount Vernon Associates, Inc. ("MVA") breached a lease for certain premises by vacating prior to expiration of the lease term. The plaintiff seeks damages for unpaid rent over the balance of the lease term together with attorney's fees. MVA's third-party complaint against Schiavone for Governor Committee (the "Committee") and Joel Schiavone individually ("Schiavone") CT Page 4032 alleges that these third-party defendants are liable to the plaintiff for the damages sought. MVA alleges that all of the parties to this action agreed that MVA would vacate the leased premises and that the Committee and Schiavone would take occupancy, assume MVA's obligation to the plaintiff, and hold MVA harmless with respect to the lease obligations.
The Committee and Schiavone's first attack on the third-party complaint is based on Connecticut General Statutes 9-333i(a) and (b). (In its brief, MVA did not contest the applicability of the statute to the third-party complaint.) Connecticut General Statutes 9-333i(a) provides, "No financial obligation shall be incurred by a committee unless authorized by the campaign treasurer . . ." Subsection (b) of this same statute provides:
 No candidate . . . or committee shall be liable for any debt incurred . . . unless such debt was incurred pursuant to an authorization issued under subsection (a) of this section.
The Committee and Schiavone argue that because the third-party complaint fails to allege that the campaign treasurer authorized the financial obligation described in the third-party complaint, it is legally insufficient. It is clear that the third-party complaint does not allege that the agreement at issue was authorized by the Committee's campaign treasurer; MVA contests the need to plead such authorization.
The motion to strike is the modern equivalent of the former demurrer. Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,472 n. 1 (1980). Precedents involving demurrers are therefore applicable to the motion to strike. A demurrer, and therefore a motion to strike, can be used to challenge a complaint which does not contain an essential allegation. Stephenson, Connecticut Civil Procedure, 2d Edition, 116. The question for the court is is whether the complaint alleges facts sufficient to set forth a good cause of action. Rossignol v. Danbury School of Aeronautics, Inc., 154 Conn. 549, 557 (1967).
Connecticut General Statutes 9-331 (b) exonerates the Committee from liability for any debt which is not authorized by the campaign treasurer. It necessarily follows, therefore, that authorization by the campaign treasurer is an essential allegation for a good cause of action against the Committee. The motion to strike is therefore granted as to the Committee.
Schiavone contends that the absence of an allegation of authorization by the campaign treasurer requires that the motion to strike be granted as to him also. This contention would have merit if Schiavone were sued solely in his capacity as a CT Page 4033 candidate. However, the allegations of the third-party complaint, particularly paragraphs two and five, demonstrate that Schiavone is not sued solely in his capacity as a candidate and the motion to dismiss cannot be granted as to him.
The Committee and Schiavone also claim that the third-party complaint is legally insufficient because MVA seeks judgment for a type of expenditure (assumption of MVA's rental obligations under the lease) which is not permitted under Connecticut General Statutes 9-333i(g). The court finds first that this claim has no merit as to Schiavone individually because he is not sued solely in his capacity as a candidate. With respect to the Committee, MVA responds that the claim is without merit because the expense of renting office space for the Committee is a permitted expenditure under subsection (D) of 9-333i(g). The Committee counters that the third-party complaint does not specifically allege that the Committee actually took occupancy of the premises.
The third-party complaint, which is vague in several respects, does not explicitly allege that the Committee occupied the premises leased to MVA. However, it does allege an agreement between MVA, the Committee and Schiavone that the Committee and Schiavone "should move into the space which had been occupied by the third-party plaintiff." MVA seeks damages for breach of that agreement. Construing the third-party complaint most favorably to MVA, the allegations are sufficient to allege a cause of action against the Committee for damages, at least a portion of which is for rent for the premises when occupied by the Committee.
The Committee and Schiavone's third claim is that the agreement alleged in the third-party complaint is unenforceable under the Statute of Frauds because it is a verbal agreement to answer for the debt of another and/or a verbal agreement concerning real estate, both in violation of Connecticut General Statutes 52-550. The third-party complaint, however, makes no allegations as to whether the agreement alleged is verbal or in writing.
A motion to strike cannot raise factual allegations outside the pleadings. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182 (1979). In order for a demurrer to be sustained on the basis of the Statute of Frauds, it must appear from the Complaint and any writings appended thereto that the plaintiffs could not offer any admissible evidence sufficient to satisfy the Statute of Frauds. Jacobson. Hendricks, 83 Conn. 120, 124
(1910). Because the third-party complaint here is silent as to whether the agreement alleged is verbal or in writing, the third-party defendants' motion to strike based on the Statute of Frauds is without merit. CT Page 4034
The motion to strike is granted as to the Committee only because of MVA's failure to allege authorization by the campaign treasurer under Connecticut General Statutes 9-333i(a) and (b).
CHRISTINE S. VERTEFEUILLE, JUDGE