[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an action brought by plaintiff Carl Brooks, Administrator of the Estate of Ivan A. Brooks, against the defendant, Bourdon Forge, Co., for damages in excess of the statutory Workers' Compensation award. This action arises out of an industrial accident which allegedly occurred on January 18, 1990, on the premises of defendant employer. Plaintiff's decedent Ivan Brooks, an employee of defendant, sustained injuries while acting in the course of his employment.
The plaintiff's complaint alleges that at approximately 6:45 P.M. on January 18, 1990, Ivan Brooks was conducting repairs on a drop hammer machine when a co-worker inadvertently turned on the machine, thereby causing the fatal injuries to Brooks for which the plaintiff seeks recovery. It is not disputed that plaintiff has received workers' compensation benefits as a result of the accident alleged in the complaint.
Plaintiff's one count complaint against defendant employer seeks recovery for damages in excess of the statutory workers' compensation award pursuant to Conn. Gen. Stat. 31-284(a).
Defendant has moved to strike the entire complaint on the ground that pursuant to the Workers' Compensation Statute, Conn. Gen. Stat. 31-284(a), Workers' Compensation benefits are the "exclusive remedy" for injuries sustained by an employee in the course of employment, and all other rights and claims between the employer and employee are barred by that statute. As required by Conn. Practice Bk. 155, the defendant has filed a memorandum in support of the motion to strike, and the plaintiff has timely filed a memorandum in opposition.
A motion to strike tests the legal sufficiency of a CT Page 4596 complaint and admits all facts well pleaded. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). On a motion to strike, the court must take the facts to be those alleged in the complaint and must construe the complaint in the manner most favorable to the moving party. Blancato v. Feldspar Corp., 203 Conn. 34, 36
(1987). A motion to strike does not admit legal conclusions. Rossignal v. Danbury School of Aeronautics, Inc., 154 Conn. 549,557 (1967). "The sole inquiry at this stage is whether the plaintiff's allegations, if proved, state a cause of action." Carroll, Conservatrix v. Burns, Commissioner,2 CSCR 553 (April 6, 1987, McDonald, J.).
Conn. Gen. Stat. 31-284(a) provides that employers "shall not be liable to any action for damages on account of personal injuries sustained by an employee arising out of and in the course of his employment" except as provided under the Workers' Compensation Act. Conn. Gen. Stat. 31-284(a); Mingachos v. CBS, Inc., 196 Conn. 91 (1985); Jett v. Dunlap, 179 Conn. 215,216 (1979).
Connecticut courts have consistently held that where a worker's personal injury is covered by the Workers' Compensation Act, statutory compensation is the sole remedy. Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 532-33 (1985); Rivera v. Gonzalez, 1 CSCR 504 (July 8, 1986, Susco, J.). "[T]o be outside of the purview of 31-284(a) an employer must have engaged in `intentional misconduct' that has been defined in our case law. . . ." Perille, 196 Conn. at 533-34.
"Intentional misconduct" exists where "[n]ot only the action producing the injury but the resulting injury must be intentional." Markey v. Santangelo, 195 Conn. 76, 77 (1985). The action producing the injury is "one caused by the design to injure" it is "either actually entertained or to be implied from the conduct and circumstances." (Emphasis added). Id. at 78. "The intentional injury aspect may be satisfied if the resultant bodily harm was the direct and natural consequence of the intended act." Id. Thus, in order to allege intent sufficient to avoid the statutory bar, this plaintiff must allege facts sufficient to establish that defendant employer (1) "intended the action producing the injury", and (2) actually "designed that action to cause the specific injury that resulted." Mingachos, 196 Conn. at 102, citing Prosser, Torts (4th Ed. 1971) 8 and Restatement (Second), Torts 8a, comment (a) (1965).
Plaintiff's complaint in the present case, which sounds in intentional tort, alleges that defendant's actions (see Revised Complaint paragraphs 9-16) constitute knowing violations of OSHA regulations and particular enumerated statutory regulations. CT Page 4597 Plaintiff also alleges that defendant "deliberately, willfully, intentionally and continuously allowed dangerous conditions and imminent hazards to exist without remedying said conditions or without warning its employees, including plaintiff's decedent." Further, plaintiff states that the "dangerous conditions" and "imminent hazards" which existed on the day of decedent's accident, constituted "intentional misconduct" by the defendant employer which caused decedent's injuries and consequent death.
The plaintiff's complaint in Mingachos v. CBS, Inc.,196 Conn. 91 (1985), stated factual allegations very similar to those in the case at hand. In Mingachos, the plaintiff attempted to recover for injuries sustained by the plaintiff's decedent in the course of his employment as the result of an explosion that occurred on the employer's premises. The first two counts of the complaint alleged that "the explosion and the decedent's injuries were caused by `CBS' violations and actions . . . .' of certain enumerated Connecticut statutory regulations and OSHA regulations, that `[s]aid actions and violations' were . . . `wilful and intentional, and created a hazardous condition' . . . ." It was also alleged that CBS had knowledge that "such hazardous violations and conditions existed,' it failed to correct them, it failed to warn its employees, and it failed to report them . . . as required by law." Further, it was alleged that failure to "correct, warn and report was . . . intentional, malicious, and in wilful and wanton disregard of the health of the plaintiff's decedent and caused his injuries and consequent death."
The plaintiff in this case, like the plaintiff in attempts to bypass the statutory bar of 31-284(a) of the Act by asserting a claim for intentional tort against his employer for alleged violations of safety regulations. The court in Mingachos refused to allow recovery against the employer for injuries to its employees which allegedly arose out of federal and state safety standards. Specifically, the court held that plaintiff's allegations that defendant employer failed to remedy, warn or report dangerous conditions within the work-place to its employees, in violation of state and federal laws, failed to rise to the level of "intentional misconduct" sufficient to avoid the exclusive remedy provision of the Workers' Compensation Act. "In Mingachos we declined to extend judicially the Jett exception to 31-294 `"to include accidental injuries reckless, culpable or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury."' Mingachos v. CBS, Supra 108, quoting 2A A. Larson, Workmen's Compensation (1976) 68-13." Blancato v. Feldspar Corp., 203 Conn. 34, 43 (1987).
The court in Jett v. Dunlap, 179 Conn. 218 (1974) carved CT Page 4598 out an exception to the exclusive remedy provision in Conn. Gen. Stat. 31-284(a):
 An intentional tort committed upon one employee by another, which causes personal injury arising out of and in the course of his employment, is covered by the compensatory provisions of the Workmen's Compensation Act. [U]nless the defendant employer intentionally directed or authorized [the co-employee] to strike the plaintiff, the employer has a right to view the incident as an injury arising out of and in the course of employment, another "industrial mishap in the factory, of the sort he has a right to consider exclusively covered by the compensation system."
Accordingly, the court in Jett concluded that:
 If the assailant can be identified as the alter ego of the corporation, or the corporation has directed or authorized the assault, then the corporation may be liable in common-law tort; if the assailant is only another employee who cannot be so identified, then the strict liability remedies provided by the Workmen's Compensation Act are exclusive and cannot be supplemented with common-law damages.
Jett, 179 Conn. at 219.
Thus, the Jett exception to the exclusive provision in Conn. Gen. Stat. 31-284(a) is not applicable to this case and will not permit plaintiff to recover beyond the scope of the Act. Moore v. Lublum, 4 CSCR 188, 189 (Jan. 5, 1989, Mack, J.). In this case plaintiff has not alleged that "defendant was of such a status in the defendant's company as to be characterized as the `alter ego' of his employer. Nor has the plaintiff alleged that defendant employer "directed or authorized" the co-employee to turn on the power switch, thus "intending the action producing the injury" and actually having "designed" that action to cause the specific injuries sustained by the decedent.
We conclude that the plaintiff's sole and exclusive remedy for the claim alleged in the complaint lies within the provisions visions of the Worker's Compensation Act and is barred as a common-law action by Conn. Gen. Stat. 31-284(a). Accordingly, the defendant's motion to strike is granted.
M. HENNESSEY, J. CT Page 4599
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4600
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4601