[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant's Motion to Strike tests the sufficiency of plaintiff's fraud and Connecticut Unfair Trade Practices counts.
On July 12, 1991, the plaintiff, Kathryn Stewart, filed a five-count second amended complaint against the defendant, Kathy Staffieri, the plaintiff's niece.
In count one, sounding in breach of contract, plaintiff alleges that on or about June 18, 1984, she and defendant entered into an oral contract. Plaintiff alleges that she agreed to borrow approximately $32,000 from a bank and loan the money to the defendant so that defendant could start a business. Plaintiff alleges that defendant agreed to pay all principal and interest on the notes that the plaintiff was required to sign in order to get the loan. Plaintiff also alleges that defendant has made no interest payments on the notes since September, 1990, and that defendant has refused plaintiff's requests to pay back the principal.
Counts three and four sound in fraud. Count three alleges fraudulent misrepresentation while count four alleges fraudulent inducement.
Count five alleges that defendant's fraudulent representations land refusal to pay the principal and interest due is a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes 42-110a, et seq.
Plaintiff claims (1) money damages, (2) interest and, pursuant to 42-110g, (3) attorney's fees, (4) court costs and costs of collection, and (5) punitive damages.
On December 11, 1991, the defendant moved to strike counts three, four and five, and the CUTPA prayers for relief, on the ground that they are legally insufficient. CT Page 3366
A motion to strike is the proper procedural tool to test whether a complaint alleges sufficient facts to encompass the essential elements of a cause of action. Practice Book 152.
 It is also settled law that "`[t]he essential elements of an action in fraud. . .are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury.
Kilduff v. Adams, Inc., 219 Conn. 314, 329, 593 A.2d 478 (1991) (citations and footnote omitted).
On a motion to strike, the court must view the challenged pleading in the light most favorable to the pleader, Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6 (1980); and deny it if it fails to reach all aspects of the count. Rossignol v. Danbury School of Aeronautics, Inc., 154 Conn. 549, 553, 227 A.2d 418
(1967).
In counts three and four, plaintiff alleges that: (1) the defendant stated she would "pay all interest and principal. . .lent to her"; (2) defendant's statement was false and she never intended to repay plaintiff; (3) defendant made false representations for the purpose of inducing the plaintiff to lend defendant money, and (4) plaintiff relied and acted upon defendant's misrepresentations and was damages.
In her memorandum, the defendant stresses the fact that she, by plaintiff's own admission, paid the interest on the note for six years. Therefore, defendant argues, plaintiff's allegations fall short of what is required in order to maintain an action for fraud, i.e., the statement that she would repay plaintiff was not untrue, and defendant's intention to repay was sincere.
Even if the defendant is right about the interest claim, the plaintiff has sufficiently alleged causes of action for fraudulent misrepresentations and fraudulent inducement as to the principal amount. The motion to strike fails to reach all aspects of counts three and four. It is therefore denied.
In count five, plaintiff alleges a violation of CUTPA based upon the allegations of fraud in counts three and four.
In her memorandum, the defendant argues that CUTPA does not apply to a private, one-time transaction between parties not engaged in the trade or business of lending. CT Page 3367
While many superior court decisions have held that a single transaction is sufficient to maintain a CUTPA cause of action; see Ransom v. Amerilink, Ltd., 3 CTLR 491; Judge v. Housemaster of America, 2 CSCR 421; a majority of the superior court cases addressing the issue have held that a single transaction will not constitute a CUTPA violation if the actor is one not engaged in the trade of business which gave rise to the claim; see, e.g. Malizia v. Anderson, 5 CTLR 53; McCarthy v. Fingelly, 4 CTLR 222; Skinner v. Till, 3 CTLR 627.
The plaintiff has failed to allege that either party was in the trade or business of lending.
Accordingly, count five is struck. Prayer for relief No. 3 seeking attorney's fees pursuant to Section 42-110(g) of the General Statutes must fall with the CUTPA claim to which it pertains and is also ordered struck.
In summary, counts three and four can survive the motion to strike, while count five is struck.
FLYNN, JUDGE