[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 13, 1996, the plaintiff, Shepard Murdock, filed a two-count complaint against the defendant, Alfred Milano. The action arises from a motor vehicle collision at the intersection of Thompson Street and Foxon Road in East Haven, Connecticut. Count one sounds in negligence and alleges, inter alia, that the defendant failed to obey traffic control signals in violation of General Statutes § 14-299, was traveling unreasonably fast in violation of General Statutes § 14-218a, was driving in violation of General Statutes § 14-222, and failed to maintain adequate braking equipment in violation of General Statutes § 14-80h. CT Page 5252-DD
Count two, incorporating paragraphs one through six of the first count, also alleges that the defendant deliberately or with reckless disregard operated his motor vehicle in violation of General Statutes §§ 14-218a and 14-222, thus entitling the plaintiff to multiple damages pursuant to General Statutes §14-295.[1]
On June 10, 1996, the defendant filed a motion to strike the plaintiff's prayer for relief contained in the second count on the ground that the allegations are insufficient to warrant recovery under General Statutes § 14-295. He also filed a memorandum of law in support of his motion as required by Practice Book § 155.
On June 14, 1996, the plaintiff filed an objection to the defendant's motion to strike and a supporting memorandum of law.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215-16, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." Id. A motion to strike a prayer for relief is "a claim, before trial, that, assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298
n. 4, 478 A.2d 257 (1984).
"[T]he complainant is required to set forth facts upon the basis of which, if true, he may be able to establish in law a right to relief, for, unless that is done, the pleading is demurrable." Rossignol v. Danbury School of Aeronautics, Inc.,154 Conn. 549, 558, 227 A.2d 418 (1967).
In support of his motion, the defendant contends the plaintiff's allegations are insufficient to support the prayer for multiple damages pursuant to General Statutes § 14-295
because the second count repeats the allegations of the first count only characterizing the same acts as recklessness. The defendant relies on Dumond v. Denehy, 145 Conn. 88, 91,139 A.2d 58 (1958) for the proposition that "[s]imply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton CT Page 5252-EE must be made." Thus the defendant argues that the plaintiff has failed to allege specific conduct to warrant the award of multiple damages under General Statutes § 14-295.
The defendant also argues that the second count fails to allege facts that would permit a trier of fact to find that his conduct rose to the level of recklessness. The defendant citesJones v. Rinaldi, Docket No. 0390077, Superior Court, Judicial District of Hartford-New Britain at Hartford (August 21, 1991, Aurigemma, J., 6 CSCR 821) for the definition of recklessness. The Jones court stated that "[r]ecklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or knowledge of facts which would disclose this danger to any reasonable man. . . ." (Citations omitted; internal quotation marks omitted.) Id.
In opposition to the motion to strike, the plaintiff counters that because count two alleges that the defendant with reckless disregard operated his vehicle in violation of General Statutes §§ 14-218a and 14-222, he has satisfied the pleading requirements of General Statutes § 14-295 and is thus entitled to multiple damages.
The plaintiff acknowledges a split of authority among the trial courts as to what constitutes a sufficient pleading to warrant recovery of multiple damages under General Statutes §14-295. One line of cases requires a party to plead a cause of action grounded in recklessness separate and distinct from a negligence action. The plaintiff contends that these are cases that deal with common law actions.
The plaintiff relies on the reasoning of a second line of cases, which permits more liberal pleadings for actions asserting statutory violations. "General Statutes § 14-295 requires a plaintiff to plead that another party violated certain statutes with reckless disregard in order for the trier of fact to consider awarding multiple damages." Spencer v. King, Docket No. 0069530, Superior Court at Middletown (September 16, 1993, Higgins, J., 10 Conn. L. Rptr. 48, 49).
This court has adopted the reasoning of Spencer v. King,
supra. See Solarzano v. Wilson, Docket No. 356885, Superior Court, Judicial District of New Haven at New Haven (November 10, 1994, Zoarski, J.). CT Page 5252-FF
In the present case, the plaintiff alleges that the defendant deliberately or with reckless disregard operated his vehicle in violation of §§ 14-218a and 14-222, both of which are enumerated in General Statutes § 14-295. Under the reasoning of Solarzano v. Wilson, supra, there is nothing more for the plaintiff to plead. Therefore, the plaintiff has sufficiently pleaded his claim for multiple damages under General Statutes § 14-295. The defendant's motion to strike the prayer for relief in the second count of the plaintiff's complaint is denied.
Zoarski, J.