[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is a suit for money damages on an equipment lease where it is alleged by the plaintiff Datronic that the defendant Healey Ford-Lincoln has not made the monthly payments on a CT Page 2027 computer lease that it is entitled to receive under the lease contract, entitling the lessor to accelerate the payments due and claim its attorney's fees in the event of a nonpayment.
Before the Court is the plaintiff's Motion to Strike the defendant's counterclaim in which it alleges that the equipment was faulty and breached warranties of sale. The plaintiff alleges that a company called HLC Financial acquired the computer to lease to the defendant; the lease was then assigned by HLC to a company called New Era and later assigned by New Era to Datronic Equipment Income Fund, the plaintiff in this case. The defendant has not admitted these allegations but left the plaintiff to proof. Nonetheless the defendant attached a copy of the "assignment of lease without recourse" to its answer.
The Court holds that the agreement executed by the defendant was a commercial finance lease. The Court further holds that the waivers in it as to warranty claims by the defendant against the assignee lessor for unsuitability of the equipment leased are upheld in this State and that therefore the counterclaim does not raise a valid claim as to the plaintiff assignee.
The plaintiff alleges that after making seven monthly payments, the defendant failed to make any further payments, and that under terms of the lease, the entire balance is now due and payable, plus reasonable attorney's fees and costs.
On January 16, 1997, the defendant filed a revised one-count counterclaim alleging breach of warranty because the computer equipment is defective. It also attached a copy of the lease to its pleading. On January 17, 1997, the plaintiff filed a motion to strike the counterclaim because the terms of the subject lease expressly preclude a claim for breach of warranty.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any [counterclaim] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [counterclaim]." Novametrix Medical Systems Inc. v. BOC GroupInc, 224 Conn. 210, 214-15, 618 A.2d 25 (1992).
"The motion to strike, like the demurrer, admits all facts well pleaded. . . . If facts provable under the allegations would support a defense or cause of action, the demurrer [motion to CT Page 2028 strike] must fail." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
"Unsupported conclusions of law are not admitted by a demurrer." Rossignol v. Danbury Aeronautics Inc.,154 Conn. 549, 557, 227 A.2d 418 (1967). "In ruling on a motion to strike the court will consider all such facts in a manner most favorable to the nonmovant." Amodio v. Cunningham,182 Conn. 80, 82, 438 A.2d 6, (1980).
In its memorandum of law in support of the motion to strike, the plaintiff argues that the counterclaim is legally insufficient because the lease, a commercial contract executed between two business entities, meets all the requirements of the Uniform Commercial Code (UCC) Article 2A and expressly precludes a claim for breach of warranty against the lessor. The plaintiff claims that in the lease agreement the parties bargained to have it treated as such and that even though the State of Connecticut has not adopted UCC Article 2A, case law has treated the effect of such an agreement in the same way as Article 2A. See Emlee Equipment Leasing v. Waterbury Transmission,31 Conn. App. 455, 466-470, 626 A.2d 307 (1993).
In opposition, the defendant maintains that "the lease agreement fails to meet the requirements of a finance lease." It argues that because the computer equipment was defective, it is protected by express warranties, the implied warranty of merchantability and the implied warranty of fitness for particular purpose. The plaintiff also claims that it was not aware of the identity of the equipment supplier or that HLC assigned the lease to the plaintiff.
The dispositive question before the court is whether the subject lease is a finance lease pursuant to Article 2A. In 2 J. White R. Summers, Uniform Commercial Code (4th Ed. 1995) § 13-3b, a statutory lease is defined as having the following three characteristics: "Finance lease means a lease in which (i) the lessor does not select, manufacture or supply the goods, (ii) the lessor acquires the goods or the right to possession and use of the goods in connection with the lease, and (iii) one of the following occurs: (A) the lessee receives a copy of the contract by which the lessor acquired the goods or the right to possession and use of the goods before signing the lease contract; (B) the lessee's approval of the contract by which tne lessor acquired the goods or the right to possession and use of the goods is a CT Page 2029 condition to effectiveness of the lease contract; (C) the lessee, before signing the lease contract, receives an accurate and complete statement designating the promises and warranties, and any disclaimers of warranties, limitations or modifications of remedies, or liquidated damages, including those of a third party, such as the manufacturer of the goods, provided to the lessor by the person supplying the goods in connection with or as part of the contract by which the lessor acquired the goods or the right to possession and use of the goods; or (D) if the lease is not a consumer lease, the lessor, before the lessee signs the lease contract, informs the lessee in writing (a) of the identity of the person supplying the goods to the lessor, unless the lessee has selected that person and directed the lessor to acquire the goods or the right to possession and use of the goods from that person, (b) that the lessee is entitled under this Article to the promises and warranties, including those of any third party, provided to the lessor by the person supplying the goods in connection with or as part of the contract by which the lessor acquired the goods or the right to possession and use of the goods, and (c) that the lessee may communicate with the person supplying the goods to the lessor and receives an accurate and complete statement of those promises and warranties, including any disclaimers and limitations of them or of remedies." See also Emlee Equipment Leasing WaterburyTransmission, supra.
Applying this three-prong test to this case, the defendant does not allege that the plaintiff either selected, manufactured or supplied the goods. Second, § 24 of the subject lease expressly states that the "[e]quipment is, and shall at all times remain, the property of Lessor. . . ." Third, the plaintiff supplied a copy of the "certificate of delivery and acceptance" executed by the defendant which expressly identifies Market Scan Information Systems, Inc. as the supplier, and affirms the Lease Agreement of the parties. § 2 of the lease "assign[s] to lessee . . . all of the rights which lessor has against vendor for breach of warranty or other representation respecting equipment." The certificate of delivery and acceptance also states in bold letters that "lessee will look to supplier and not lessor for any resolution of any problems with the equipment." Thus the lease and the certificate of delivery and acceptance satisfy the requirements detailed by White Summers, supra. Therefore the court concludes that the subject lease is a finance lease, which the courts have found to be enforceable. Emlee EquipmentLeasing Corp. v. Waterbury Transmission, Inc., supra, CT Page 203031 Conn. App. 471. See also IBM Credit Corp. v. Mark Facey CCL, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0137113 (March 24, 1995, Karazin, J.).
The defendant also argues that it was unaware that the lease was assigned. § 20 of the executed lease, known as a "hell or high water clause" provides in pertinent part: "Lessor may assign this lease or mortgage equipment, or both, in whole or in part, without notice to Lessee. . . . Lessee's obligation to such assignee to make such payments is absolute and unconditional and is not subject to any abatement, reduction, set-off, deferral. counterclaim or recoupment for any reason whatsoever. . . ." First, the court notes that the defendant attached a copy of the "assignment of lease without recourse" to its answer and counterclaim filed on December 23, 1996. (Pleading No. 107, Exhibit A). Therefore, the defendant had knowledge that the lease was assigned. Second, the lease expressly does not require notice to the lessee of assignment. Thus, the plaintiff's [sic] argument that the assignment of the lease affects its validity is without merit.
The defendant also argues that it was not aware of the identity of the equipment supplier. Again the court finds this assertion to be without merit. Both the lease and the certificate of delivery and acceptance expressly identify Market Scan InformationSystems, Inc., with a complete address and phone number, as the equipment supplier.
In conclusion, the court finds that the subject lease is a finance lease which expressly precludes a claim for breach of warranty against the lessor. Therefore, the court grants the plaintiff's motion to strike the defendant's revised counterclaim.
Flynn, J.