[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 26, 1997
Before the court is the defendant J.B. Hunt Transportation's motion to strike Count Four of the plaintiff's revised complaint on the ground that General Statutes § 14-295 does not impose liability for double or treble damages on a non operator owner of a motor vehicle. The court denies the motion.
The plaintiff alleges that while driving along Interstate-95 in West Haven, her motor vehicle collided with a truck operated by defendant Andrew Keith and owned by J.B. Hunt Transportation (Hunt) causing injuries and losses. The plaintiff alleges that Keith is an agent for Hunt. Counts One and Two sound in negligence and allege violations of General Statutes §§ 14-236,14-218a and 14-222a to Keith and Hunt, respectively. Counts Three and Four allege recklessness and violations of General Statute's §§ 14-218a and 14-222 as to Keith and Hunt, respectively. In her prayer for relief, the plaintiff claims double or treble damages pursuant to General Statutes §14-295 for the reckless conduct.
Hunt moves to strike Count Four because General Statutes § 14-295 does not impose liability for double or treble damages on a non operator owner.
A motion to strike a prayer for relief is "a claim, before trial, that, assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298 n. 4,478 A.2d 257 (1984). The complainant is required to set forth facts upon the basis of which, if true, he may be able to establish in law a right to relief. . . ." Rossignol v. DanburyCT Page 6248School of Aeronautics, Inc., 154 Conn. 549, 558, 227 A.2d 418
(1967).
Hunt first argues that General Statutes § 14-295 does not expressly impose vicarious liability on an owner. Connecticut Statutes Sec. 14-295 provides "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a,14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." While recognizing that there is a split among the trial judges who have addressed the issue, Hunt maintains that the statute should be narrowly construed because it is punitive in nature. Hunt cites Maisenbacker v. SocietyConcorclia, 71 Conn. 369, 42 A. 67 (1899) for the common law rule that the principal is not vicariously liable for punitive damages resulting from the acts of his agent. Hunt acknowledges that the Connecticut Supreme Court has created an exception to that rule when it determined liability for owner/lessors pursuant to General Statutes § 14-154a. Connecticut Statutes §14-154a provides "[l]iability of owner for damage caused by rented or leased car. Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." In Gionfriddo v.Avis Rent A Car System, Inc., 192 Conn. 280, 472 A.2d 306 (1984). However, Hunt claims that this exception does not apply to this case because Hunt is an employer, not a lessor.
Some analysis of the statutory scheme regulating motor vehicle operation is in order. "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of a motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption." General Statutes § 52-183. "In accordance with established principles of statutory construction, our paramount objective is CT Page 6249 to ascertain and give effect to the apparent intent of the legislature. . . . If the words of a statute are unambiguous, we assume that they express the legislature's intent." Stein v.Hillebrand, 240 Conn. 35, 39, 688 A.2d 1317 (1997). In this court's, view, the plain language of § 52-183 creates a specific presumption of agency and, unless rebutted, evinces the legislature's intent to permit an employer to be sued for the negligent and reckless operation of a motor vehicle by its employee. It has sometimes been theorized that the law should not impose statutory punitive damage liability on an employer or vehicle owner for intentional acts of an employee in which the employer did not participate, since the effect of doing so unfairly punishes a nonculpable party and such multiple damages are not needed to deter a party who never participated in the conduct sought to be discouraged. Although, in tort cases, reckless conduct is a form of negligence since the actor does not intend the resulting harm, it is intentional in that the actor intentionally performs the reckless act knowing that kind of harm is strongly probable consequence.
In passing on a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff."Faulkner v. United Technologies Corp., 240 Conn. 580. Inferences to be drawn from the complaint must be given the construction most favorable to the nonmovant. The complaint sets out a specification that the truck was recklessly operated at a speed which violated § 14-218a. If one infers that the owner of a commercial vehicle, rather than its driver, determined where and when the cargo it carried would be picked up and also set the delivery destination and time of its arrival, then owner rather than driver may have had more to do with the vehicle's allegedly excessive speed. Punitive damages could deter such future conduct on the part of an owner of such a vehicle who, by setting too tight a schedule, intends that the speed limit be exceeded by its driver knowing that a collision, which it does not intend, is a strongly probable consequence.
For all these reasons, the motion to strike is denied.
FLYNN, J.