[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This partition action was brought by the Estate of Rodolph J. Ouellette against Debra Ouellette and Waterbury Hospital. The plaintiff moves to strike both counts of the defendant Ouellette's counterclaim.
The counts of the counterclaims are entitled respectively, QuantumMeruit and Oral Contract. The allegations of each count are identical, except that the second count alleges three additional paragraphs containing allegations that an oral agreement existed, was breached and was relied upon by the defendant to her detriment.
The plaintiff argues that count one should be stricken because it violates the statute of frauds, constitutes a misjoinder of actions and fails to set forth a claim for which relief can be granted. Count two, it claims, should be stricken because it violates the statute of frauds. Under Practice Book § 10-39, when a party seeks to contest the "legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein, the party may do so by filing a motion to strike the contested pleading or part thereof." A motion to strike admits all facts well pleaded. Mingachos v. CBS, Inc. 196 Conn. 91, 108 (1985). Further, the facts as pleaded in the counterclaim must be construed most favorably towards the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
The court is limited in its consideration to the facts as pleaded. "A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364 (1995), rev'd on other grounds, 236 Conn. 845 (1996); see also Cavallo v. DerbySavings Bank, 188 Conn. 281, 285-86 (1982). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Lilijedahl Bros.,CT Page 16411Inc. v. Grigsby, 215 Conn. 345, 348 (1990).
Both counts of the counterclaim seek damages and a transfer of 1/2 interest in the subject property. Count one, the plaintiff claims, constitutes a misjoinder of action because it is a quantum meruit claim in a partition action. As to this argument, the court has not been presented with any authority for that proposition. In addition, the plaintiff refers to matters outside the pleadings, which does not aid the court in a motion brought under P.B. § 10-39. See Lilijedahl Bros.,Inc. v. Grigsby, supra, 215 Conn. 348. As to the claim that the statute of frauds bars that part of the count that relates to the transfer of land, the court cannot strike only part of a count. See P.B. § 10-45;Rossignol v. Danbury School of Aeronautics, Inc., 154 Conn. 549, 554
(1967).
As to the second count, labeled Oral Contract, the plaintiff argues that the whole count should be stricken because of the statute of frauds. Under General Statutes § 52-550,
 (a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: (1) Upon any agreement to charge any executor or administrator, upon a special promise to answer damages out of his own property; (2) against any person upon any special promise to answer for the debt, default or miscarriage of another; (3) upon any agreement made upon consideration of marriage; (4) upon any agreement for the sale of real property or any interest in or concerning real property; (5) upon any agreement that is not to be performed within one year from the making thereof; or (6) upon any agreement for a loan in an amount which exceeds fifty thousand dollars.
(Emphasis added.).
While the court agrees that the statute of frauds would bar the count as to the transfer of the interest in the real property, the count also alleges an agreement to compensate for services rendered with an allegation of promissory estoppel which could prevent the use of statute of frauds. DeLuca v. C.W. Blakeslee Sons, Inc., 174 Conn. 535, 544
(1978). Again, the court cannot strike only part of a count. CT Page 16412
"Courts permit the Statute of Frauds to be raised by a motion to strike [only] when the alleged agreement falls squarely within those categories of agreements required to be in writing." Boccuzzi v. Murphy, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 112957 (Sept. 12, 1991, Karazin, J.).
Here, taking the pleadings in the light most favorable to the pleader, the court must deny the motion to strike in its entirety.
___________________ DiPentima, J. CT Page 16413